UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHAWNE GIELEN GARDINER | CIVIL ACTION NO. 6:22-CV-00591 |
| VERSUS | JUDGE DRELL |
| USA | MAGISTRATE JUDGE DAVID J. AYO |

### **ORDER**

The Defendant's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6) (Rec. Doc. 7) raised the issue of the court's subject-matter jurisdiction, a critical issue that must be resolved before any further action can be taken in this case. Plaintiff filed the instant suit on March 2, 2022 pursuant to 28 U.S.C. § 1346(a)(l), 28 U.S.C. § 1491(a), and 26 U.S.C. § 7422 for the recovery of federal income tax, interest, and penalties erroneously paid by the taxpayer, improperly assessed, or wrongfully collected by the Internal Revenue Service (hereinafter "Defendant"). Defendant argues the Court lacks jurisdiction over Plaintiff's complaint because Plaintiff has not alleged facts sufficient to show that she made a timely and proper claim for a refund before filing suit. Plaintiff did not file an opposition to said motion.

Defendant, as sovereign[1], has consented to be sued for "erroneously or illegally assessed or collected" taxes, but the plaintiff must comply with the statutory jurisdictional requirements for tax refund claims. *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). *See* 28 U.S.C. § 1346(a)(1), 26 U.S.C. § 7422(a). Section 7422(a) states that no suit for improperly assessed or collected taxes shall be maintained "until a claim for refund ... has been duly filed with the Secretary."

Plaintiff alleges that on April 7, 2020, she "submitted to Defendant a claim for refund and request for abatement for all periods." (Rec. Doc. 4). Defendant claims that in 2020, "Plaintiff filed a refund claim for her unpaid Trust Fund Recovery Penalty liabilities for periods, but not for her income tax liability." (Rec. Doc. 7 p 4). The Court is unable to determine whether Plaintiff complied with Section 7422(a) as it relates to her income tax liability.

Because compliance with Section 7422(a) is necessary for this Court to exercise jurisdiction and because the party invoking federal court jurisdiction bears the burden of proof;[2]

IT IS ORDERED that Plaintiff respond to Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) by providing evidence that she has complied with Section 7422(a) or by informing the Court that she has

---

[1] "The United States, as sovereign, is immune from suit save as it consents to be sued." *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, (1941).
[2] *Kokkonen v. Guardian Life Insurance of America*, 511 U.S. 375, 377 (1994).

not complied with Section 7422(a) by September 26, 2022. Plaintiff may also respond to Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) within the same time period. Defendant shall then have ten days (10) to respond.

Signed at Lafayette, Louisiana on this 13th day of September, 2022.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE