UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**SHAWNE GIELEN GARDINER**                **CIVIL ACTION NO. 6:22-CV-00591**

**VERSUS**                                **JUDGE DRELL**

**USA**                                   **MAGISTRATE JUDGE DAVID J. AYO**

## REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted filed by Defendant United States of America.. (Rec. Doc. 7). The motion is unopposed. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motion to dismiss for lack of subject matter jurisdiction be GRANTED and, accordingly, all claims by Plaintiff Shawne Gielen Gardiner be DISMISSED without prejudice.

### Factual Background

Plaintiff filed the instant suit on March 2, 2022, pursuant to 28 U.S.C. § 1346(a)(l), 28 U.S.C. § 1491(a), and 26 U.S.C. § 7422 for the recovery of federal income tax, interest, and penalties that were allegedly erroneously paid by the taxpayer, improperly assessed, or wrongfully collected by the Internal Revenue Service. (Complaint at Rec. Doc. 1, Amended Complaint at Rec. Doc. 4). Plaintiff named as Defendant the United States of America (hereinafter "Defendant"). (*Id.*).

In response to Plaintiff's complaint, Defendant filed the instant Rule 12(b) motion seeking dismissal of Plaintiff's claim on the basis that this Court lacks subject matter jurisdiction over this matter and that Plaintiff fails to state a claim as to which relief may be granted. Defendant's motion was filed on July 1, 2022 and any response to said motion was due within 21 days or by July 22, 2022. (Rec. Doc. 7, 8). No opposition was filed. Nevertheless, on September 13, 2022, this Court issued the following:

> IT IS ORDERED that Plaintiff respond to Defendant's Motion to Dismiss for Lack of Jurisdiction by providing evidence that she has complied with Section 7422(a) or by informing the Court that she has not complied with Section 7422(a) by 9/26/2022. Plaintiff may also respond to Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) within the same time period. (Rec. Doc. 10).

Plaintiff did not file a response.

## Law and Analysis

Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by the Constitution or statute, district courts lack power to consider claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question (pursuant to 28 U.S.C. § 1331) and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states (pursuant to 28 U.S.C. § 1332). A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal

jurisdiction establishes otherwise. *Kokkonen*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

In *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001), the Fifth Circuit succinctly described the appropriate procedure for considering multiple Rule 12(b) motions, such as are presented here.

> Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996).
>
> The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States,* 899 F. Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980).
>
> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977) (*per curiam*). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

"The United States, as sovereign, is immune from suit save as it consents to be sued." *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018) (quoting *United States*

*v. Sherwood*, 312 U.S. 584, 586, (1941). The United States has consented to be sued for "erroneously or illegally assessed or collected" taxes. *Id*.; *see* 28 U.S.C. § 1346(a)(1). But the plaintiff must comply with the jurisdictional requirements in I.R.C. § 7422. *See, e.g., United States v. Clintwood Elkhorn Mining Co.,* 553 U.S. 1, 4–5, (2008). Such requirements for tax refund claims are set forth in § 7422(a).[1] *Id*. "To overcome sovereign immunity in a tax refund action, a taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code." *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010). A taxpayer's failure to file a timely refund claim with the IRS deprives the district court of subject-matter jurisdiction. *Gustin v. United States*, 876 F.2d 485, 488 (5th Cir.1989).

In the Complaint and Amended Complaint, Plaintiff alleges that on April 7, 2020, she "submitted to Defendant a claim for refund and request for abatement for all periods." (Rec. Doc. 1, 4). However, in Defendant's motion, Defendant asserts that in 2020, "Plaintiff filed a refund claim for her unpaid Trust Fund Recovery Penalty liabilities for periods, but not for her income tax liability." (Rec. Doc. 7 p 4). Plaintiff does not dispute Defendant's assertion that she has failed to comply with I.R.C. § 7422 by failing to file a refund claim for her income tax liability and, despite being given ample opportunity to do so, has failed to offer proof of compliance. Thus, the Court remains unable to determine whether Plaintiff complied with I.R.C. § 7422(a) as it relates to her income tax liability. As stated above, compliance with I.R.C. § 7422(a) is necessary for this Court to exercise

---

[1] Section 7422(a) states that no suit for improperly assessed or collected taxes shall be maintained "until a claim for refund ... has been duly filed with the Secretary."

jurisdiction and the party invoking federal court jurisdiction bears the burden of proving that jurisdiction exists. Because Plaintiff has failed to meet this burden, this Court lacks subject matter jurisdiction over Plaintiff's claim against Defendants and must grant dismissal on that basis.

Since the Court concludes that it lacks subject matter jurisdiction, we do not reach the merits of Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ramming v. U.S.*, 281 F.3d at 161.

## Conclusion

For the reasons discussed herein, the Court recommends that the United States of America's motion to dismiss (Rec. Doc 7) be GRANTED and, accordingly, all claims by Plaintiff Shawne Gielen Gardiner be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

Signed at Lafayette, Louisiana on this 21st day of October, 2022.

_____
David J. Ayo
United States Magistrate Judge